J-S18024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMILIO R. RIVERA | |
| Appellant | No. 1088 MDA 2015 |

Appeal from the Order Entered June 4, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001857-2009

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED APRIL 15, 2016**

Emilio R. Rivera appeals from the trial court's order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

In November 2011, Rivera entered a negotiated guilty plea on two separate informations, 1366-2009 and 1857-2009.  On information 1366-2009, Rivera pled guilty to possession with intent to deliver (crack cocaine), receiving stolen property, and various firearm offenses.  On information 1857-2009, Rivera pled guilty to four counts of delivery of cocaine, conspiracy to commit delivery of cocaine, and criminal use of a communication facility.  On November 10, 2011, the trial court sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

Rivera to an aggregate term of 9 to 18 years' imprisonment. Rivera's sentence included imposition of the Drug-Free School Zone mandatory minimum statute, 18 Pa.C.S. § 6317. No post-sentence motions or direct appeal were filed.

On January 7, 2015, Rivera filed the instant *pro se* PCRA petition. Counsel was appointed to represent him and to file an amended petition, if appropriate. Counsel subsequently filed a **Finley**[1] letter seeking to withdraw from representing Rivera at the post-conviction phase. The court granted counsel's request to withdraw and, on April 28, 2015, issued its Pa.R.Crim.P. 907 notice of intent to dismiss Rivera's petition. On May 22, 2015, Rivera filed a *pro se* amended PCRA petition raising the issue of the legality of his mandatory minimum sentence under the dictates of **Alleyne v. United States**, 133 S. Ct. 2151 (2013). On June 4, 2015, the court dismissed Rivera's petition, determining that his petition was facially untimely and that he failed to plead and prove any of the timeliness exceptions enumerated under the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(i), (ii), & (iii). This timely *pro se* appeal follows.

On appeal, Rivera presents the following issues for our consideration:

_____

[1] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). **See also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

(1)     Did the PCRA court err in not granting Appellant permission to withdraw [his] guilty plea when the guilty plea was not intelligent and knowing?

(2)     Did the PCRA court err in not holding an evidentiary hearing to address an issue of ineffective assistance of counsel?

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

Before we address the merits of Rivera's claims on appeal, we must determine whether his PCRA was timely filed. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. **See** 42 Pa.C.S. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S. § 9545(b). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. **Id.** These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." **Id.** at (b)(2). The timeliness requirements of the PCRA are jurisdictional in

- 3 -

nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Rivera's judgment of sentence became final for purposes of the PCRA on December 10, 2012, after the time expired for him to file a direct appeal from his judgment of sentence. *See* Pa.R.A.P. 903(a). Therefore, Rivera had until December 10, 2013 to file his petition. However, Rivera did not file his *pro se* PCRA petition until January 7, 2015. Rivera's petition, therefore, is facially untimely. Accordingly, we must now determine whether Rivera has pled and proven an exception to the PCRA time bar.

Instantly, Rivera does not allege any section 9545(b)(1) exception. Rather, he first claims that he is entitled to PCRA relief because he entered an involuntary guilty plea where he was "neglect[ed of being] inform[ed] of the change in the permissible range of sentencing precipitated by the 'School Enhancement.'" Appellant's Brief, at 3. Specifically, Rivera asserts that the government breached his plea agreement by not making him aware as to what effect the enhancement would have on his overall sentence. Again, because Rivera fails to plead or prove any exception to the timeliness provisions of the PCRA, he is not entitled to relief on this claim.

Next, Rivera asserts his sentence is illegal based upon the holding of the United States Supreme Court decision in *Alleyne*, *supra*. In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163. A challenge to a sentence

premised upon **Alleyne** implicates the legality of the sentence. **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc). Moreover, while legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. **See** 42 Pa.C.S. § 9543(a)(2)(vii).

Despite the fact that section 6317 has been declared unconstitutional,[2] Rivera is not entitled to relief in his untimely PCRA petition. In **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), the defendant also filed an untimely PCRA petition raising the claim that his mandatory minimum sentence was illegal. To overcome the untimeliness of his petition, the defendant unsuccessfully argued that **Alleyne** announced a new constitutional right under the PCRA that applies retroactively. Additionally, the Court found meritless the defendant's allegation that his illegal sentence claim was not waivable on appeal where "in order for th[e] Court to review a legality of sentence claim, there must be a basis for [its] jurisdiction." **Id.** at

_____

[2] In **Commonwealth v. Bizzel**, 107 A.3d 102 (Pa. Super. 2014) (en banc), our Court relied on the dictates of **Alleyne** and found that the improper sentencing practice under section 6317(b) was not severable from the remainder of the statutory provisions. Thus, our Court deemed the statute unconstitutional. In **Bizzel**, the defendant had been convicted of various drug offenses and criminal conspiracy; Bizzel was sentenced pursuant to the mandatory minimum. On direct appeal, our Court affirmed defendant's convictions, but held that Bizzel's judgment of sentence based on section 6317 was unconstitutional and must be vacated.

995. Finally, the Court held that **Alleyne** is not to be applied retroactively to cases in which the judgment of sentence had become final. **Id.**

Similar to the defendant in **Miller**, Rivera raises a legality of sentence claim predicated on the holding of **Alleyne** and an unconstitutional mandatory minimum statute. Because Rivera's petition is facially untimely, because he does not allege and prove an exception to the timeliness requirements of the PCRA, and because **Alleyne** does not apply retroactively to cases on collateral review, **Miller**, **supra**,[3] he is not entitled to relief.

Finally, Rivera claims that plea counsel was ineffective for failing to anticipate that section 6317 would ultimately be declared unconstitutional. Because counsel's ineffectiveness does not fit within a timeliness exception under the PCRA, he is not entitled to relief. **See Commonwealth v. Pursell**, 749 A.2d 911 (Pa. 2000).

Accordingly, the trial court properly concluded that Rivera's PCRA untimely petition should be dismissed. **Johnston**, **supra**.

Order affirmed.

_____

[3] Although **Alleyne** was decided prior to Rivera's judgment of sentence becoming final, he is not entitled to relief because his case _is not still pending on direct review_ and, most importantly, his petition was untimely filed, thus divesting the trial court of jurisdiction. **Newman**, **supra**; **Miller**, **supra**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/15/2016</u>